

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | 12 CV 4151 |
|---|---|

-----------------------------------------------------------X
LORI HAHN,                                                 :    Index No.
                                                           :
                        Plaintiff,                         :    **COMPLAINT**
                                                           :
        -v.-                                               :    Venue is based on Defendant
                                                           :    Bank of America Inc.'s
BANK OF AMERICA INC., and MARIA LOCCISANO,                 :    principal place of business at
                                                           :    One Bryant Park, New York,
                        Defendants.                        :    NY, 10036
-----------------------------------------------------------X

Plaintiff LORI HAHN, by her attorneys, SIMON, EISENBERG & BAUM, LLP, as and for her Complaint against Defendants, states as follows:

## THE PARTIES

1.  Plaintiff LORI HAHN is an individual residing in New York County, New York.

2.  Defendant BANK OF AMERICA INC. ("BOA") is a domestic limited liability company duly registered to do business, and doing business actively, in the State of New York and having its principle place of business at One Bryant Park, New York, NY, 10036.

3.  Defendant MARIA LOCCISANO ("Loccisano") is an individual residing, upon information and belief in the State of New York, and employed by BOA as an executive and manager with the job title of Consumer Market Manager. She was Plaintiff's immediate supervisor.

## JURISDICTION AND VENUE

4.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that this action for national origin discrimination and retaliation arise under federal law, Title VII of the Civil Rights Act of 1964. 42 U.S.C. §2000e-5 *et seq.* ("Title VII").

The court has supplemental jurisdiction over plaintiff's state and common-law claims under 28 U.S.C. §1367 and principles of pendent and/or ancillary jurisdiction.

5. This court has *in personam* jurisdiction over the defendants because they are located in, conduct operations within, transact business in and provide services within New York, and their principal place of business is located in New York City

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

7. Plaintiff was employed as Assistant Vice President Banking Center Manager II at the University Banking Center operated by BOA in Hempstead and was terminated by BOA and Loccisano on or about November 2, 2011.

8. Plaintiff began her employment with BOA in June 2007. Plaintiff's performance was always outstanding throughout her career. Just a few months before being terminated, Plaintiff had received a glowing First Semester Performance Review ("FSPR").

9. Shortly before the FSPR was completed, Plaintiff was transferred to a new supervisor, Loccisano. The FSPR was based entirely upon the observations of, and upon information and belief was prepared by, her former supervisor, but was delivered to Plaintiff by Loccisano. While discussing the contents of her performance review with Plaintiff, Loccisano asked Plaintiff: "What nationality are you?" Plaintiff responded that she was of German ancestry, to which Loccisano answered: "That is why you are so thick-headed."

10. Plaintiff immediately complained to Oliver Whitelaw in the Human Resources Department about improper discrimination and harassment based on national origin. After a meeting to discuss the issue, Loccisano admitted her statement and apologized for it, but Plaintiff perceived the apology as being very insincere. Loccisano then began to adopt an extremely

2

harsh and unfairly critical attitude towards Plaintiff, which Plaintiff believed was intended to punish her for having made her complaint to Whitelaw. Shortly thereafter, Loccisano issued a document entitled "FINAL Written Warning – Performance" to Plaintiff. This document contained totally false allegations of inadequate performance. Soon after the document was received, Plaintiff was terminated. There was no rational basis for issuing a final warning to Plaintiff, upon information and believe it was issued solely in retaliation for the filing of the complaint to Whitelaw. BOA was, upon information and belief, fully aware of Loccisano's actions and condoned them, allowing her to retaliate against Plaintiff and ultimately to cause her discharge purely because of discriminatory and retaliatory motivations. In particular, acting on behalf of the bank in his official capacity, BOA Consumer Market Executive Anthony Volpicello approved and condoned Loccisano's actions against Plaintiff knowing that they were motivated solely by discriminatory and retaliatory goals.

11. On May 9, 2012, Plaintiff received a "right to sue" letter from the U.S. Equal Employment Opportunity Commission ("EEOC") after filing a Charge of Discrimination pursuant to Title VII and requesting that said letter be immediately issued, a request that was granted by EEOC before any investigation had taken place.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Hostile Workplace – Against All Defendants)

12. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "11" as if set forth more fully and at length herein.

13. Title VII and Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, prohibit harassment in employment based upon national origin.

14. Plaintiff deserved to retain her employment with Defendant BOA and did not do anything to merit discharge or discipline and/or to be subject to this discriminatory conduct.

Nevertheless, Defendants denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace imposed upon her by the conduct of its employees and managers, of which it was well aware and without any non-discriminatory basis therefor.

15. Defendants' actions were taken under circumstances giving rise to an inference of discrimination. Loccisano aided and abetted BOA in carrying out discriminatory actions against Plaintiff which created an intolerable work environment based on her national origin and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII and Section 296.1(a).

16. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

### AS AND FOR A SECOND CAUSE OF ACTION
(National Origin Discrimination – Against All Defendants)

17. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "16" as if set forth more fully and at length herein.

18. Title VII and Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law §290 *et seq.* prohibit discrimination in employment based upon national origin.

19. Plaintiff was harassed and terminated based upon her national origin, German.

20. Plaintiff deserved to retain her employment with Defendant BOA and did not do anything to merit discharge or discipline and/or to be subject to this discriminatory conduct. Nevertheless, Defendants denied Plaintiff the benefit of employment, including all favorable

conditions and emoluments thereof by discharging her because of hostility to Plaintiff based on her national origin and without any non-discriminatory basis thereof.

21. Defendants' actions were taken under circumstances giving rise to an inference of discrimination. Loccisano aided and abetted BOA in carrying out discriminatory actions against Plaintiff based on her national origin and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII and Section 296.1(a).

22. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation – Against All Defendants)

23. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "22" as if set forth more fully and at length herein.

24. Title VII and Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* prohibit retaliation against an employee who seeks to assert rights under the Human Rights Law.

25. Plaintiff made complaints to Defendants about the mistreatment based on national origin inflicted upon him by employees and managers of Defendant BOA. In response, Defendant BOA did not resolve her complaints, but rather, Plaintiff was subjected to continued and additional mistreatment in the form of false accusations of professional misconduct and harsh, unfair and inaccurate criticism and abuse, and ultimately to discharge, all with the knowledge and approval of Defendants for the purpose of punishing her for attempting to assert his rights.

26. Defendant's actions were taken under circumstances giving rise to an inference of discrimination. Loccisano aided and abetted BOA in carrying out retaliatory actions against Plaintiff which created an intolerable work environment based on her national origin and, acting with executive authority in their official capacities, took actions in regard to Plaintiff that violated Title VII and Section 296.1(a).

27. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

WHEREFORE, Plaintiff demands judgment as follows:

i. On the First Cause of Action a judgment against Defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

ii. On the Second Cause of Action a judgment against Defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

iii. On the Third Cause of Action a judgment against Defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: New York, New York
May 14, 2012

SIMON, EISENBERG & BAUM, LLP

By: _____
Eric M. Baum, Esq.
Attorneys for Plaintiff Lori Hahn
Office and Post Office Address
24 Union Square East, Fifth Floor
New York, NY 10003
(212) 353-8700